Lyons, Judge,
delivered the resolution of the court as follows:
The questions in this case are, 1. Whether the contract shall be vacated altogether? And, if not, 2. Whether Pollard should be allowed to retain so much of the purchase *242 money as will be equal to the loss he may incur, if the title, to any part of Larkin Rogers’s moiety of the land, should ultimately prove defective ?
With regard to the first:
As John Rogers was acquainted with his own .title, and knew of the claims of his brothers and sisters, he ought to have disclosed the circumstances to the purchaser, to whom it was interesting that he should be informed of them, in order that he might be able to judge whether he would run the risque, or not. But, as the seller thought proper to conceal the facts, whatever might have been his motive for it, Pollard had a right, upon discovering them, to declare the bargain void : And, if he had done so immediately, not only would no court, if there had not been a conveyance, have compelled him, upon a bill filed by the vendor, to have completed the contract; but he would, notwithstanding there was a conveyance, have been entitled, upon a bill filed by himself, to relief against the sale altogether.
That, however, was not the course pursued by the appellant. On the contrary, speculating upon the chance of an accommodation of the dispute among the children, and upon the certainty of being secured to the amount of his payments, by the actual interest of John Rogers (whatever it might be) in the premises, he retained possession of the estate, and went on to make some payments, and stipulate for others, if the releases of Downer and Conner were procured, without intimating the slightest intention to abandon the contract: Which was a waver of his right to annul the bargain; and amounted to a new agreement to proceed with the contract to the extent of the interest which the vendor might be able to assure to him.
This brings us to the second question :
The evidence, with regard to the day when Larkin Rogers died, is hearsay only; and therefore it is perfectly uncertain, whether he was of age at the time of his death, or not. But, after so many deliberate acts of ratification of the contract on the part of the appellant, subsequent to the *243 period when he became acquainted with all the circumstances o'f the case, he is entitled to relief so far only, as the claims of the other children, to proportions of that moiety, have not been extinguished. But, to that extent, he should be relieved : for he ought not to be exposed to the danger of losing any part of the property, as the ratification went no farther than to oblige him to abide by the contract, but not to pay the whole price for less land than he bought. He ought therefore to be secured against the chance of loss, as to any part of it.
We are then to enquire, how far the claims have been extinguished | and whether the appellant has been secured against those which have not ?
Releases have been executed by all the children; but the youngest of them is still under age s of course, as to her, it can have no effect, if she chooses to dissent, when she comes to maturity | and therefore the appellant ought to be indemnified against her claim. But the bond directed, by the chancellor, is not the proper indemnityj for a purchaser should not be compelled, while the property is in dispute, to part with his money, and run the risque of getting it back again, if the title should be evicted.
The court is therefore of opinion, that the appellant should be allowed to retain as much of the purchase money as will be equivalent to the value of the interest of the youngest daughter, if she, at maturity, refuses to release; and it should be found, upon an issue to be directed, that her brother Larkin died an infant.
The decree is, consequently, reversed j and the following is to be the entry:
“ It appears to the court, that there is error in the said decree in dissolving the injunction for the whole balance due from the appellant to the appellee John Rogers, for the purchase money of the land in the bill mentioned, before the right and title of the defendant Catharine Rogers, who is yet an infant, is released, or assured, to the appellant 5 and in not decreeing to the appellant his costs. And this court, *244 being of opinion, that the appellant ought to be allowed to the sum of two hundred pounds, part of the consideration money remaining unpaid, until the title of the said Catharine is so assured, and also his costs out of the balance, it is ordered, that so much of the said decree as is contrary thereto, be reversed and annulled; that the injunction be dissolved, as to thirty-one pounds four shillings and four pence, or so much thereof as shall remain after the costs of the appellant are deducted ; and, as to the said two hundred pounds, be continued, until the said Catharine Rogers shall, by sufficient conveyance, have released her right and title, to the 1 and aforesaid, to the appellant; which conveyance is to be made at the costs and charges of the said John Rogers: and, if such conveyance shall not be made, within six months after the said Catherine shall be, or, in case of her death, would have been, of full age, then that an issue be directed as to her title; and (if found for her)'the value of her purpart, and the damages of the appellant for want of title thereto: and, after deducting such, value and damages, with the costs of trial, and of all other proceedings thereon, that the injunction be dissolved for the balance of the said two hundred pounds with interest, if any shall appear to be due; that the bond by the decree of the high court of chancery directed to be entered into by the said John Rogers for the indemnity of the appellant, if taken, be cancelled and made void; that the said John Rogers pay to the appellant his costs expended, as well in the said high court of chancery, as in this court; that liberty be reserved to all parties, in this suit, to resort to the said high court of chancery for aid and direction, if necessary, for carrying the present decree into execution ; and that the residue of the said decree be affirmed.”